**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HASSAN S. MOHAMED,

                Plaintiff,

       -against-

NYU, ALISON L[E]AR[]Y, JOHN BRADLEY,
JIM M[ER]R[I]H[UE], MICH[A]EL MOD[I]CA,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC
DO[C]
E[]
D[]
E[]         SEP 1 0 2015

OPINION

14 Civ. 8373 (GBD) (MHD)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Hassan S. Mohamed, a former employee of Defendant New York

University ("NYU"), brings this action under Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. §§ 2000e *et seq.*; the Age Discrimination in Employment Act of 1967

("ADEA"), 29 U.S.C. §§ 621 *et seq.*; the New York State Human Rights Law ("NYSHRL"),

N.Y. Exec. Law §§ 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"),

N.Y.C. Admin. Code §§ 8-101 *et seq.*  (Compl., ECF No. 1.)  Plaintiff brings claims under these

statutes for (1) constructive discharge, (2) failure to promote, (3) unequal terms and conditions of

employment, (4) hostile work environment/harassment, and (5) retaliation.  (*See* Compl. §§ IIA,

IIE.)  The claims arise from NYU and the individual defendants' alleged racial and age

discrimination in their decision not to promote Plaintiff to a certain "First Operator" position,

and their failure to pay Plaintiff for performing the duties of this position.  Plaintiff further

claims he experienced "too much pressure and har[a]s[s]ment" and was "forced" to retire.  (*Id.*

§ IIE.)[1]  Defendants move to dismiss, arguing that Plaintiff failed to exhaust his administrative

remedies, and that the claims are both time-barred and inadequately pleaded.  (*See* Motion, ECF

No. 12; Mem. of Law ("Mem"), ECF No. 13.)

Before this Court is Magistrate Judge Michael H. Dolinger's May 21, 2015 Report and

Recommendation ("Report"), in which he recommended that this Court grant Defendants'

motion to dismiss, with prejudice, with respect to the following claims: (1) failure to promote

under Title VII, the ADEA, and the NYSHRL; (2) unequal terms and conditions of employment

under Title VII and the ADEA; (3) unequal terms and conditions of employment under the

NYSHRL for the period between January 2011 through April 2011; and (4) claims against the

individual defendants under Title VII and the ADEA.  (Report at 85-86, ECF No. 23.)

Magistrate Judge Dolinger further recommended dismissing all remaining claims for failure to

state a claim without prejudice to repleading, if amendment would not be futile.  (*See id.* at 86.)

Magistrate Judge Dolinger's Report is adopted in its entirety.  Defendants' motion to dismiss the

Complaint is GRANTED.

## STANDARD OF REVIEW

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the

Report.  28 U.S.C. § 636(b)(1)(C).  When there are objections to the Report, the Court must

make a *de novo* determination of those portions of the Report to which objections are made.  *Id.*;

*see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006).  The district judge may

also receive further evidence or recommit the matter to the magistrate judge with instructions.

*See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).  The Court need not conduct a *de novo*

---

[1] The relevant procedural and factual background is set forth in greater detail in Magistrate Judge Michael H. Dolinger's May 21, 2015 Report and Recommendation (ECF No. 23), and is incorporated herein by reference.

hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is

sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of

the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90

(S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no

party files objections to a Report, the Court may adopt the Report if "there is no clear error on

the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y.

2005) (quoting *Nelson*, 618 F. Supp. at 1189).

The pleadings of parties appearing *pro se* are generally accorded leniency and should be

construed "to raise the strongest arguments that they suggest." *See Belpasso v. Port Auth. of N.Y.

& N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010) (Summary Order) (quoting *McPherson v. Coombe*,

174 F.3d 276, 280 (2d Cir. 1999)). Nonetheless, even a *pro se* party's objections must be specific

and clearly aimed at particular findings in the Report, such that no party is allowed a "second bite

at the apple" by merely relitigating a prior argument. *Pinkney v. Progressive Home Health Servs.*,

No. 06 Civ. 5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quotation

omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010). If a party's objection does reiterate a prior

argument, or consists entirely of conclusory or general arguments, the Court should review the

Report for clear error. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009); *DiPilato

v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009).

Magistrate Judge Dolinger advised the parties that failure to file timely objections to the

Report would constitute a waiver of those objections on appeal. (Report at 87); *see also* 28 U.S.C.

§ 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Plaintiff timely filed objections to the Report on June 22,

2015.[2]  (Obj., ECF No. 27.)  In general, the objections conclusorily argue that Plaintiff's claims

are properly made and not time-barred, and simply re-state the factual allegations of the

Complaint.[3]  Objections of this nature are not clearly aimed at particular findings in the Report and

therefore do not trigger *de novo* review.  *See Pinkney*, 2008 WL 2811816, at *1.  This Court

consequently reviews the Report for clear error.

## MOTION TO DISMISS[4]

### A. Plaintiff's intake form suffices as an EEOC charge.

"As a predicate to filing suit under [Title VII or the ADEA], a private plaintiff must first

file a timely charge with the [Equal Employment Opportunity Commission ("EEOC")]."  *Riddle*

*v. Citigroup*, 449 F. App'x 66, 69 (2d Cir. 2011) (Summary Order).  Magistrate Judge Dolinger

properly concluded that Plaintiff's February 11, 2014 EEOC Intake Questionnaire constitutes the

requisite EEOC charge.  (*See* Report at 29; Opp'n Ex. 2 (hereinafter "EEOC Intake Form"), ECF

No. 20.)  The EEOC Intake Form identifies the parties responsible for the discrimination alleged,

and plainly indicates Plaintiff's "request for the [EEOC] to take remedial action to protect [his]

rights or otherwise settle a dispute between" him and his employer.  *See Fed. Express Corp. v.*

*Holowecki*, 552 U.S. 389, 402 (2008); (*see also* EEOC Intake Form at 5 (reflecting a box

checked by the statement: "I want to file a charge of discrimination, and I authorize the EEOC to

look into the discrimination I described above")).  In addition, while Plaintiff did not check off

---

[2] By order dated June 8, 2015, the time for Plaintiff to make objections was extended to June 22, 2015.  (ECF No. 26.)  Defendants did not file any objections, nor did they respond to Plaintiff's objections.

[3] (*See, e.g.*, Obj. at 1 ("I filed my claim within the applicable statutes of limit[at]ions . . . ."); *id.* ("NYU refuse[d] to pay me equal wages for 6 month[s] total 1352 h[ou]rs worked . . . .").)

[4] For the standard of review for a Rule 12(b)(6) motion to dismiss, refer to the Report.

the box next to "Retaliation" as a basis for his federal claims (*see* EEOC Intake Form at 3), these claims are "reasonably related"[5] to his other allegations[6] such that they should not be dismissed for failure to exhaust administrative remedies. (*See* Report at 35-41.)

**B. The federal and NYSHRL failure to promote claims; federal unequal terms and conditions of employment claims; and NYSHRL unequal terms and conditions of employment claim relating to January 2011 through April 2011 are dismissed with prejudice under the applicable statutes of limitation.**

The Report correctly determined that Plaintiff's federal failure to promote and unequal terms and conditions of employment claims must be dismissed with prejudice because they are time-barred. (*See* Report at 43, 45-46.) Title VII and the ADEA require the filing of an EEOC charge within 300 days after the date of the alleged wrongful act. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B). Any claims relating to actions occurring before April 17, 2013 would therefore be untimely because Plaintiff filed the EEOC Intake Form on February 11, 2014. Here, the decision not to promote Plaintiff occurred on December 13, 2010, a date which precedes the relevant cut-off date. In addition, the unequal terms and conditions claim is premised on Plaintiff's work from January 2011 to June 2011 in the First Operator position (to which he was not promoted, and which would have entitled him to higher pay). As these claims concern conduct which occurred outside of the limitations period, they must be dismissed.[7]

---

[5] "[C]laims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency." *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 177 (2d Cir. 2005) (citation and internal quotation marks omitted). "Reasonably related conduct is that which would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Id.* (citation and internal quotation marks omitted).

[6] (*Compare* EEOC Intake Form at 2 (alleging Plaintiff was "force[d] to retire early by [Defendants'] us[e] [of] pressure on [him] at work"), *with* Compl. § IIE ("Putting too much pressure and har[a]s[s]ment forced me to retire due to man[a]g[e]ment retaliation[,] haras[s]ment[,] and ag[g]ravation which forced me to leave the job.").)

[7] The federal constructive discharge claims are timely filed because Plaintiff retired on November 13, 2013, a date within the limitations period. (*See* Report at 42 & n.16 (citing Mem. at 13).) However, there is insufficient information to determine whether the allegations pertaining to the federal hostile work environment/harassment and

A three-year statute of limitations governs the NYSHRL and the NYCHRL claims. *See*

N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502(d). However, the statute of limitations "is

tolled for the period between the filing of an EEOC charge and the issuance by the EEOC of a

right-to-sue letter." *DeNigris v. New York City Health and Hosps. Corp.*, 861 F. Supp. 2d 185,

192 (S.D.N.Y. 2012). In this case, Plaintiff filed the EEOC Intake Form on February 11, 2014

and received his right-to-sue letter 172 days later on August 1, 2014. Plaintiff thus cannot pursue

claims for discriminatory acts occurring before May 1, 2011 (three years and 172 days before he

filed suit on October 20, 2014), except where the continuing-violations doctrine[8] applies.

Magistrate Judge Dolinger properly found that Plaintiff's NYSHRL failure to promote

claim is untimely filed, as it was based on a decision made on December 13, 2010. (*See* Report

at 53.) The Report also correctly recommended that Plaintiff's NYSHRL unequal terms and

conditions of employment claim be dismissed as untimely as to the allegations encompassing

---

retaliation claims took place before or after the start of the limitations period. (*See* Report at 47-49.) This Court
reaches the insufficiency of the pleading of these claims in Section C, *infra*.

[8] Under this doctrine, "the commencement of the statute of limitations period may be delayed until the last
discriminatory act in furtherance of [a continuous practice and policy of discrimination]." *Gomes v. Avco Corp.*,
964 F.2d 1330, 1333 (2d Cir. 1992) (citation and internal quotation marks omitted). For purposes of Title VII and
related federal statutes, a hostile work environment claim is therefore timely "so long as all acts which constitute the
claim are part of the same unlawful employment practice and at least one act falls within the time period." *Nat'l
R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). But "*discrete* discriminatory *acts* are not actionable if
time barred, even when they are related to acts alleged in timely filed charges" because "[e]ach discrete
discriminatory act starts a new clock for filing charges alleging that act." *See id.* at 113 (emphasis added); *see also
id.* at 114 (listing examples of "discrete acts" such as "termination, failure to promote, denial of transfer, or refusal
to hire"). Claims implicating the continuous violation doctrine and brought pursuant to the NYSHRL similarly
apply this distinction. *See Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 250 (E.D.N.Y. 2012), *aff'd*, 713
F.3d 163 (2d Cir. 2013).

By contrast, a more expansive construction of the continuing-violations doctrine applies to NYCHRL claims
based on discrete acts, as "*[o]therwise time-barred discrete acts can be considered timely* 'where specific and
related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to
a discriminatory policy or practice.'" *Sotomayor*, 862 F. Supp. 2d at 250 (emphasis added) (quoting *Fitzgerald v.
Henderson*, 251 F.3d 345, 359 (2d Cir. 2001)).

January 2011 through April 2011. (*See id.* at 53-54.) As discussed in the Report, discriminatory

payment of wages does not trigger the continuing-violations doctrine under the NYSHRL. (*Id.*)

These claims are therefore dismissed with prejudice as time-barred.[9]

As to Plaintiff's NYCHRL claims, the Report correctly recommended that the unequal

terms and conditions of employment claim be deemed timely filed. (*Id.* at 56-57.) Part of this

claim (from January 2011 through April 2011) precedes the start of the limitations period;

however, that portion is saved by the broader construction of the continuing-violations doctrine.

*See supra* n.8. The alleged recurring failure to pay Plaintiff higher wages from January 2011

through June 2011 could be construed as "specific and related instances of discrimination" which

"continue[d] unremedied for so long as to amount to a discriminatory policy or practice."

*Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 250 (E.D.N.Y. 2012) (citation and internal

quotation marks omitted), *aff'd*, 713 F.3d 163 (2d Cir. 2013). The start of the statute of

limitations period is consequently delayed until June 2011 (the date of the "last discriminatory

act in furtherance" of the alleged policy or practice), making the NYCHRL unequal terms and

conditions of employment claim timely. *See Gomes v. Avco Corp.*, 964 F.2d 1330, 1333 (2d Cir.

1992) (citation and internal quotation marks omitted).

Additionally, Magistrate Judge Dolinger properly determined that the NYCHRL failure

to promote claim should be dismissed without prejudice. (Report at 57-58.) Dismissal is

warranted because the December 13, 2010 decision not to promote Plaintiff is outside of the

relevant limitations period. The dismissal is without prejudice, however, because the summary

---

[9] Because the November 13, 2013 retirement date falls within the limitations period, Plaintiff's NYSHRL claim for constructive discharge is not time-barred. (*See* Report at 53.) As with Plaintiff's parallel federal claims (*see supra* n.7), there is insufficient information to determine whether the NYSHRL hostile work environment/harassment and retaliation claims were timely filed. Whether Plaintiff has adequately stated a claim under the NYSHRL for constructive discharge, hostile work environment/harassment, and retaliation is addressed in Section C, *infra*.

Complaint does not provide an adequate basis to determine whether the promotion decision may

be connected to Plaintiff's timely allegations such that it would be captured by the continuing-

violations doctrine.  (*See id.*)[10]

In summary: (1) the untimely Title VII and the ADEA failure to promote and unequal

terms and conditions of employment claims are dismissed with prejudice; (2) the untimely

NYSHRL failure to promote claim and unequal terms and conditions of employment claim

pertaining to actions occurring between January 2011 and April 2011 are dismissed with

prejudice; and (3) the NYCHRL failure to promote claim is dismissed as untimely without

prejudice to repleading.

## C. Plaintiff's remaining claims are inadequately pleaded, and are dismissed without prejudice.

The Report correctly concluded that Plaintiff's remaining claims[11] should be dismissed—

without prejudice given Plaintiff's *pro se* status—because they are insufficiently pleaded.  (*See*

Report at 67-84.)

The unedited facts of Plaintiff's form Complaint are set forth in full below:

N.Y.U. denied me promotion. Not paying equal wages for 6 month with overtime the new salary for 1st operator even doing the what they call a new position with the same title.  Putting too much pressure and harsment forced me to retire due to mangmet retaliation harasment and agravation which forced me to leave the job.

Compl. § IIE.

---

[10] The statute of limitations analysis for Plaintiff's NYSHRL claims for constructive discharge, hostile work environment/harassment, and retaliation (*see supra* n.9) equally applies to Plaintiff's parallel NYCHRL claims.  (*See* Report at 53, 55.)

[11] The remaining claims are for: (1) constructive discharge, hostile work environment/harassment, and retaliation under federal, state, and city law, and (2) unequal terms and conditions of employment under the NYSHRL (from May 2011 to June 2011) and the NYCHRL (from January 2011 to June 2011).

Plaintiff's claims under Title VII, the ADEA, and NYSHRL[12] for constructive discharge and hostile work environment/harassment fail because they are conclusorily asserted.  Plaintiff has not pleaded: (1) how NYU "deliberately and discriminatorily created work conditions 'so intolerable that a reasonable person in the employee's position would have felt compelled to resign,'" *see Ferraro v. Kellwood Co.*, 440 F.3d 96, 101 (2d Cir. 2006) (quoting *Pa. State Police v. Suders*, 542 U.S. 129, 141 (2004)); nor (2) how the claims of hostile work environment/harassment rise to the level of a workplace "permeated with discriminatory intimidation, ridicule, and insult[] that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (citation and internal quotation marks omitted).

Plaintiff's NYSHRL claim for unequal terms and conditions of employment is also deficient because he pleads no discriminatory animus underlying the alleged failure to compensate him for the work he performed as a First Operator from May 2011 through June 2011.  (*See* Report at 74-75.)

The NYCHRL constructive discharge, hostile work environment/harassment, and unequal terms and conditions of employment claims likewise fail, even under the more lenient standard to allege a discrimination claim under city law,[13] given the absence of a stated discriminatory motive for the Defendants' actions. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 113 (2d Cir. 2013) ("[A] defendant is not liable [under the NYCHRL] if

---

[12] The NYSHRL claims are evaluated under the same standards as the equivalent federal claims. (*See* Report at 72.)

[13] "To state a claim for discrimination under the NYCHRL, a plaintiff must only show differential treatment of any degree based on a discriminatory motive . . . ." *Gorokhovsky v. New York City Housing Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014) (Summary Order).

the plaintiff fails to prove the conduct is caused at least in part by discriminatory or retaliatory motives.").

Finally, Plaintiff has failed to state a retaliation claim under federal, state, or city law. "To establish a *prima facie* case of retaliation under Title VII, the ADEA, [and] the NYSHRL," "an employee must show (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Sotomayor*, 862 F. Supp. 2d at 261 (quoting *Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004)). Similarly, a plaintiff alleging a retaliation claim under the NYCHRL "must show: 1) he engaged in a protected activity; 2) his employer was aware of that activity; 3) he suffered an action that would be reasonably likely to deter a person from engaging in a protected activity; and 4) that there was a causal connection between the protected activity and the action." *Pilgrim v. McGraw-Hill Cos.*, 599 F. Supp. 2d 462, 469 (S.D.N.Y. 2009); *see also Sotomayor*, 862 F. Supp. 2d at 262 ("The essential elements of a retaliation claim under the NYCHRL are the same" as those provided under federal and state law). Here, aside from a mere reference to a complaint filed with "N.Y.U.['s] equal opp[o]r[]tunity office" (*see* EEOC Intake Form § 15), the requisite showing of Plaintiff's engagement in protected activity—let alone a causal connection between this activity and a retaliatory action—is otherwise unsupported by his papers. Accordingly, the federal, NYSHRL, and NYCHRL retaliation claims are dismissed without prejudice.

**D. The Title VII and the ADEA claims against the individual defendants are dismissed.**

Because neither Title VII nor the ADEA provide for individual liability, Plaintiff's federal claims against the individual defendants Alison Leary, John Bradley, Jim Merrihue, and Michael Modica are dismissed. (*See* Report at 84-85.)

**CONCLUSION**

Magistrate Judge Dolinger's Report is adopted in full.  Defendants' motion to dismiss is

GRANTED.  The untimely (1) failure to promote claims under Title VII, the ADEA, and the

NYSHRL; (2) unequal terms and conditions of employment claims under Title VII and the

ADEA; and (3) the unequal terms and conditions of employment claim under the NYSHRL for

the period between January 2011 through April 2011 are DISMISSED with prejudice.  The Title

VII and the ADEA claims against the individual defendants are also DISMISSED with prejudice.

Plaintiff's remaining federal, state, and city claims are DISMISSED without prejudice to

repleading.

Plaintiff may file a letter application with this Court within sixty (60) days of this

Opinion, attaching a proposed Amended Complaint and requesting leave to amend the following

claims, if amendment would not be futile:

  - the Title VII, ADEA, NYSHRL, and NYCHRL constructive discharge claims;

  - the NYCHRL failure to promote claim;

  - the NYSHRL unequal terms and conditions of employment claim covering May 2011

    through June 2011;

  - the NYCHRL unequal terms and conditions of employment claim covering January 2011

    through June 2011;

  - the Title VII, ADEA, NYSHRL, and NYCHRL hostile work environment/harassment

    claims; and

  - the Title VII, ADEA, NYSHRL, and NYCHRL retaliation claims.

The Clerk of the Court is directed to close the motion at ECF No. 12.

Dated: New York, New York
      September 10, 2015

                                SO ORDERED.

                                GEORGE B. DANIELS
                                United States District Judge